IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALAN K. HAYS, an Individual,<br><br>                  Plaintiff,<br><br>v.<br><br>ROSEMAN UNIVERSITY OF HEALTH SCIENCES, an educational corporation with a presence in Utah; RAJAN RADHAKRISHNAN, an Individual; and DOES I-X,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:14-cv-00198-DB-DB<br><br>District Judge Dee Benson |

This matter is before the court on a motion to dismiss filed by Defendants Roseman University of Heath Sciences ("Roseman") and Rajan Radhakrishnan. (Dkt. No. 7). Defendants' motion seeks dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and/or 12(f), or in the alternative to strike Plaintiff's request for punitive damages as a remedy in his First through Fourth Causes of Action. The court held a hearing on the motion on November 18, 2014. At the hearing, Plaintiff was represented by Dale H. Boam. Defendants were represented by James Barrett. At the conclusion of the hearing, the court took the motion under advisement. Since then, the court has further considered the memoranda and other materials submitted by the parties, the oral arguments of counsel, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Roseman is a private university with campuses in Henderson, Nevada and South Jordan, Utah. (Compl. ¶12). Plaintiff was a pharmacy student at Roseman until August 2014 when he

graduated with a degree in pharmacy. (Compl. ¶2, Def. Mot. to Dismiss, Exh. A). On approximately March 19, 2012, Plaintiff approached the Dean of the Utah campus, Dr. Larry Fannin, to request an additional hour for each test as an accommodation for Attention Deficit Disorder. (Comp. ¶¶ 15-16). Dr. Fanning referred Plaintiff to the head of student services, Tim Ryan. (Id. ¶ 17). Mr. Ryan stated that Plaintiff needed to submit a doctor's diagnosis of his condition in order to request an accommodation. (Id.). Plaintiff submitted documentation related to his condition from a therapist, and Roseman responded with a request for documentation from a physician. (Id. ¶¶ 17-20). Plaintiff then went to his primary care physician who wrote a recommendation that Plaintiff take a leave of absence from school, and referred Plaintiff to a specialist to be reevaluated for a possible learning disability. (Id. ¶ 23). Plaintiff later obtained a new note from his doctor stating that he had improved enough to continue in the program, but that he would require an extra hour to take tests as an accommodation. (Id. ¶ 32). On approximately April 11, 2012, Plaintiff was granted his requested accommodation. (Id. ¶¶ 32-33, Def. Mot. to Dismiss at 5).

When Plaintiff returned to school in August 2012, he was allowed an additional hour to take each test. (Compl. ¶¶ 32-33). Following each exam, Roseman professors provided students an opportunity to challenge exam questions. (Id. ¶ 33). Students are also able to challenge exam questions through a formal appeals process. (Id. ¶ 35). In September 2012, Plaintiff complained to Dr. Fannin that he, as an accommodated student, was unable to participate in the post-exam review sessions because he was still taking his tests during that time period. (Id. ¶ 34). Plaintiff also complained of this conflict to Dr. Rajan Radhakrishnan, the Dean of the Roseman School of Pharmacy, in October 2012. (Id. ¶ 37). Although Plaintiff used the formal appeal process to

challenge questions, he believed the process to be inferior to the post-exam reviews due to a lack of dialogue and delays in processing appeals. (Id. ¶¶ 38-42). On approximately December 4, 2012, following Plaintiff's complaint, Roseman executed a Resolution Agreement with the Office for Civil Rights ("OCR") regarding this policy. (Id. ¶ 44). At that time, Roseman voluntarily agreed to provide all accommodations requested by Plaintiff and to revise its policies to ensure compliance. (Def. Mot. to Dismiss at 4).

On December 14, 2012, Plaintiff was placed on Academic Probation due to the number of tests he had failed. (Compl. ¶ 43). On approximately December 28, 2012, Plaintiff was informed that his sister had committed suicide. (Id. ¶ 45). On or about January 7, 2013, Plaintiff told Dr. Radhakrishnan about his family situation and requested leave to return home to be with his family for a few days. (Id. ¶¶ 46, 49). Dr. Radhakrishnan replied that Roseman policy does not allow a student on probation to request leave. (Id. ¶ 46). Plaintiff disputes this statement of policy and claims that Roseman policy allows the Dean to grant compassionate leave to a student at the Dean's discretion, regardless of probation status. (Id. ¶ 47). Plaintiff was denied the requested leave and was informed that any tests missed due to his absence would be graded as a fail. (Id. ¶ 48). Roseman students may fail six tests maximum before they are dismissed from the university. (Id.). Plaintiff missed his sister's funeral and after-funeral memorial service. (Id. ¶ 51). Plaintiff felt that the denial of his leave was in retaliation for his complaint to the OCR and that Dr. Radhakrishnan intended to cause severe emotional distress in order to drive him from the program. (Id.).

On March 18, 2014, Plaintiff filed this action alleging violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, and Intentional

Infliction of Emotional Distress. Plaintiff seeks injunctive relief and attorneys' fees on his ADA and Rehabilitation Act claims and compensatory and punitive damages on his Intentional Infliction of Emotional Distress claim. (Id. ¶¶ 64, 73, 85, 94, 103-104).

Defendants move to dismiss the complaint, asserting: (1) the court lacks subject matter jurisdiction over Plaintiff's ADA and Rehabilitation Act claims because Plaintiff has graduated and those claims are moot; (2) Plaintiff's ADA and Rehabilitation Act claims are improper against Dr. Radhakrishnan and the unnamed Does as individuals; (3) punitive damages are not an authorized remedy for Plaintiff's ADA and Rehabilitation Act claims; and (4) Plaintiff has failed to state an intentional infliction of emotional distress claim upon which relief can be granted.

## DISCUSSION

### ADA and Rehabilitation Act Claims

The parties have stipulated that Plaintiff's claims for injunctive relief under the ADA and the Rehabilitation Act are moot (Pl. Resp. to Def. Mot. to Dismiss at 7), as Plaintiff has graduated and "there is no current dispute presented that is 'definite, concrete, and amenable to specific relief.'" Rhodes v. Southern Nazerene University, 554 Fed. Appx. 685, 690 (10th Cir. 2014) (quoting Jordan v. Sosa, 654 F.3d 1012, 1024 (10th Cir. 2011)).

The parties also agree that Plaintiff is not entitled to compensatory damages under the ADA, (Pl. Resp. to Def. Mot. to Dismiss at 7-8); See 42 U.S.C. § 12188(a)(1); Rhodes, 554 Fed. Appx. at 690, nor has he requested any. However, Plaintiff claims that he requested compensatory damages under the Rehabilitation Act in his complaint and that such relief would be appropriate. This court finds that Plaintiff did not make a request for compensatory relief under Section 504 of the Rehabilitation Act in his complaint. Instead, he states: "in the absence

of the injunction requested herein, [Plaintiff] will continue to be injured, damaged, and aggrieved by Defendants' discrimination." (Compl. ¶¶ 64, 94). Further, the court finds that allowing Plaintiff to amend his Complaint to request compensatory damages would be futile under these circumstances. See Rhodes, 554 Fed. Appx.at 690. As such, Plaintiff's First through Fourth Causes of Action are DISMISSED without leave to amend.

### Intentional Infliction of Emotional Distress

Plaintiff's remaining claim is for intentional infliction of emotional distress based on Dr. Radhakrishnan's denial of Plaintiff's request for "compassionate leave" to attend his sister's funeral. (Compl. ¶¶ 97-98). To establish a claim for intentional infliction of emotional distress in Utah, "a plaintiff must plead facts that demonstrate that the defendant

> 'intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; *and* his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.'"

Bennett v. Jones, Waldo, Holbrook & McDonough, 2003 UT 9, ¶ 56, 70 P.3d 17, 30 (emphasis in original) (quoting Franco v. The Church of Jesus Christ of Latter-day Saints, 2001 UT 25, ¶ 27, 21 P.3d 198). On a motion to dismiss, "'[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" Cabaness v. Thomas, 2010 UT 23, 30, 232 P.3d 486, 499 (quoting Gygi v. Storch, 28 Utah 2d 399, 503 P.2d 449, 450 (1972)). Severe conduct is required to establish a claim for intentional infliction of emotional distress—the conduct must "evoke outrage or

revulsion; it must be more than unreasonable, unkind, or unfair." Id. At 500 (quoting Franco, 21 P.3d at 207). Further, such conduct must be "outrageous and intolerable in that [it] offend[s] against the generally accepted standards of decency and morality." Franco, 21 P.3d at 207 (quoting Samms v. Eccles, 11 Utah 2d 289, 293, 358 P.2d 344, 346 (1961) (abrogated on other grounds)). Finally, "[a]n act is not necessarily outrageous merely because it is tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal." Id.

In this case, even accepting all of the facts alleged in Plaintiff's Complaint and affidavit as true, Dr. Radhakrishnan's conduct consisted of denying Plaintiff leave when he was given the express discretion to do so. Plaintiff has not alleged any insults or threats made by Dr. Radhakrishnan, other than his reiteration of school policy that missed exams count as failed exams. Although this precise issue has not been raised previously under Utah law, other jurisdictions have consistently found that the denial of leave to attend a funeral is insufficient to constitute outrageous behavior to support an intentional infliction of emotional distress claim. See, e.g., Barham v. Kmart Corp.,2010 WL 3650684 (N.D. Okla. 2010) (holding that an employee who was denied leave to attend a funeral and then disciplined for attending did not establish "extreme and outrageous" conduct in support of an intentional infliction of emotional distress claim); Lange v. Showbiz Pizza Time, Inc., 12 F. Supp. 2d 1150 (D. Kan. 1998) (employee who was denied leave and terminated while making funeral arrangements for his mother failed to establish claim for intentional infliction of emotional distress); Chime v. PNC Bank Corp., 1998 WL 51285 (N.D. Tex. 1998) (employee who was denied leave to attend a funeral while other employees were granted paid leave to be with family during Spring Break did not establish a claim for intentional infliction of emotional distress). Although Dr.

Radhakrishnan's conduct may have been less-than-compassionate, it was not so egregious as to evoke outrage or revulsion or offend generally accepted standards of decency and morality. Rather, Dr. Radhakrishnan acted within his discretion as a school administrator to grant or deny leave.

Further, Plaintiff has failed to establish that Dr. Radhakrishan acted with the purpose of inflicting emotional distress. With respect to the intent element of an intentional infliction of emotional distress claim, "[i]t is not enough to establish a claim that defendant intentionally acted in a way that *causes* distress" but rather the plaintiff must establish that defendant acted "for the *purpose* of inflicting emotional distress." Franco, 21 P.3d at 207 (quoting Samms, 358 P.2d at 346 (abrogated on other grounds)). Although Plaintiff here undoubtedly suffered emotional distress resulting from the suicide of his sister, he has failed to allege any facts that Dr. Radhakrishnan denied his leave with the *purpose* of causing additional distress. His conclusory allegations that Dr. Radhakrishnan denied him leave in retaliation for his OCR complaint or his previous advocacy related to his disability are devoid of factual support.

The tort of intentional infliction of emotional distress is reserved for "atrocious" behavior. Amos v. Corp. of Presiding Bishop, 594 F. Supp. 791, 831 (D. Utah 1984), rev'd on other grounds, 483 U.S. 327 (1897). Allowing an intentional infliction of emotional distress claim to move forward under these circumstances would effectively remove discretion from school administrators in effectuating school policies. Such an expansion would offend the principal espoused by the Utah Supreme Court that "rigorous scrutiny [must be] applied to attempts to expand the reach of intentional infliction of emotional distress." Cabaness, 232 P.3d

at 499 (quoting Hatch v. Davis, 2006 UT 44, 147 P.3d 383). As such, Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 9th day of December, 2014.

BY THE COURT:

Dee Benson
United States District Judge